UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEVIN LINDSAY,<br>    Petitioner, | :<br>:<br>: |
| v. | :    Case No. 3:18cv12(MPS) |
| STATE OF CONNECTICUT,<br>    Respondent. | :<br>:<br>: |

## **RULING AND ORDER**

The petitioner, Kevin Lindsay, is currently incarcerated at the Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut ("Corrigan"). He initiated this action by filing a one-page document designated as both a petition filed pursuant to 28 U.S.C. § 2254 and a motion filed pursuant to 28 U.S.C. § 2255. *See* Pet., ECF No. 1. On February 9, 2018, the court dismissed the petition without prejudice for failure to meet the requirements of either Local Rule 8(b), D. Conn. L. Civ. R., or Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. *See* Ruling and Order, ECF No. 7. The court permitted the petitioner twenty days to move to reopen the case and to file an amended 28 U.S.C. § 2254 petition on a court form. Pending before the court is a motion to "amend case file 3:18-cv-82(MPS)," an amended petition and a motion for evidentiary hearing. For the reasons set forth below, the motion to amend is denied without prejudice, the amended petition is dismissed without prejudice and the motion for evidentiary hearing is denied.

**I.**     **Motion to Amend and Amended Habeas Petition [ECF Nos. 8, 9]**

In the motion to amend the case, the petitioner seeks permission to amend his claims and proceed with a petition filed pursuant to 28 U.S.C. § 2254 in order to challenge his state

conviction. In support of his motion, he claims that he "could not receive a fair trial," his trial counsel did not perform any investigation on his behalf, his trial counsel neglected to inform the trial judge about misconduct by a juror, and the prosecutor engaged in misconduct by misleading the jury on "undocumented charges against [him]." Mot. Amend., ECF No. 8 at 1. On the second and third pages of the motion, the petitioner lists the names of the attorneys who represented him at trial, on direct appeal, in a state habeas petition, and on appeal from the denial of a state habeas petition. *See id.* at 2-3. The appeal of the state habeas petition remains pending. *See id.* at 3. The petitioner also mentions the denial of a motion to correct illegal sentence on February 15, 2018, but gives no details regarding the date on which the motion was filed or the claims raised in the motion. *Id.*

The petitioner asserts that he exhausted "all avenues he could" and seeks leave to reopen the case and file an amended petition to challenge his state court conviction in this court. *Id.* Attached to the motion are what appear to be pages from a brief filed in support of the appeal of the denial of his state habeas petition and copies of the amended petition and return to the amended petition that he filed in the state habeas petition, *Lindsay v. Warden, State Prison*, Docket No. CV 14-4006085-S. *See id.* at 4-21.

The motion to amend is accompanied by an amended habeas petition filed on a section 2254 court form. *See* Am. Pet. Writ Habeas Corpus, ECF No. 9. The amended petition is deficient, however, in that it fails to include answers to all of the questions in the petition. As an example, in the section seeking information regarding post-conviction motions or petitions, the petitioner does not list the name of the court, case number, or grounds raised in the third petition

or motion filed by him in state court, but indicates that he received a hearing and that the petition or motion was denied. *See id.* at 7-8. In addition, the amended petition lists one ground for relief that sets forth at least nine separate claims, including ineffective assistance of counsel, illegal sentence, double jeopardy, actual innocence, juror misconduct, admission of hearsay evidence, perjury by a witness, and prosecutorial misconduct. *See id.* at 9. There are no facts in support of any of the claims and there is no clear indication of how each claim has been exhausted in state court. Instead, the petitioner answers "yes" to the question of "If you did not exhaust your state court remedies on Ground One, briefly explain why?" *Id.* He further indicates that he raised "the issue" in ground one on both direct appeal and in either a post-conviction motion or a state habeas petition. *Id.* at 9-10. He answers both yes and no to the question of whether he appealed from the denial of any motion or state habeas petition. *See id.* at 10. To the extent that he did appeal from any decision on a post-conviction motion or state habeas petition, he filed the appeal in the Connecticut Superior Court for the Judicial District of Tolland at Rockville. *See id.*

In dismissing the petition for writ of habeas corpus, the court informed the petitioner that Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides that a "petition must: (1) specify all grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury." In addition, the court directed the petitioner to list each ground for which he seeks relief and indicate how he exhausted his state court remedies as to each ground for relief. Although the amended petition is

3

filed on the court's section 2254 form, it does not list each ground for relief separately. Nor does it indicate the facts in support of each ground or clearly state how each ground was exhausted in state court. Thus, the amended petition is deficient because it fails to completely comply with the court's prior order and Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. The motion to reopen is denied without prejudice and the amended petition is dismissed without prejudice. The court will permit the petitioner an additional twenty days to file a second motion to reopen and a second amended petition on a section 2254 court form.

**II.    "Motions to Argument for Reconsideration Requesting an Evidentiary Hearing" [ECF No. 10]**

The petitioner requests that the court reverse or vacate his state court conviction. He claims that he has "come to this higher court to seek justice." He sets forth three or more claims in support of his request for habeas relief and facts in support of those claims. *See id.* at 1-17. The court has not previously considered or denied a request for an evidentiary hearing. Thus, any reconsideration of such an order is misplaced.

Furthermore, the Supreme Court has held that review pursuant to 28 U.S.C. § 2254(d)(1) by a federal court of claims in a habeas petition filed by a prisoner challenging his state court conviction, "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster,* 563 U.S. 170, 181 (2011). The petitioner has offered no facts or basis to support his request for an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (providing that court should not hold an evidentiary hearing unless a petitioner has "failed to develop the factual basis of a claim in State court proceedings" and "shows that—(A) the claim relies on—(i)

4

a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable" or relies on "(ii) a factual predicate that could not have been previously discovered through exercise of due diligence; and" that "(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."); *Pinholster*, 563 U.S. at 186 (Sections 2254(d)(1) and (e)(2) are intended to "ensure that '[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.'") (quoting *Williams v. Taylor*, 529 U.S. 420, 437 (2000)). In view of the denial of the motion to amend, the dismissal of the amended petition, and the fact that the petitioner has set forth no basis on which to hold an evidentiary hearing in this matter, the motion for evidentiary hearing is denied.

## Conclusion

The Motion to Amend, [**ECF No. 8**], which seeks to reopen this action and leave to file an amended petition is **DENIED** without prejudice. The Amended Petition for Writ of Habeas Corpus, [**ECF No. 9**], is **DISMISSED** without prejudice and the "Motions to Argument for Reconsideration Requesting an Evidentiary Hearing," [**ECF No. 10**], is **DENIED** in all respects.

Any new motion to reopen must be filed within twenty days of the date of this order and be accompanied by a second amended petition filed on a 28 U.S.C. § 2254 court form.

The petitioner must answer all questions on the habeas petition form. In the spaces in the CLAIMS section of the form, the petitioner should separately include each ground on which he seeks to proceed and the facts in support of each ground. The court's section 2254 amended

5

habeas form includes space for four grounds for relief.  If the petitioner seeks to raise more than four grounds for relief, he must attach separate pages to the habeas form listing each additional ground separately and also indicate the facts in support of each ground.  In addition, for each ground in the amended petition, the petitioner must indicate separately whether he exhausted that ground by raising it on direct appeal to the Connecticut Appellate and Connecticut Supreme Courts, or by raising it in a collateral proceeding, either in a motion or a state habeas petition, and on appeal to the Connecticut Appellate and Connecticut Supreme Courts, from the decision in the collateral proceeding.  **The Clerk is directed to send the petitioner a copy of this Ruling and Order and an Amended Section 2254 Habeas Corpus Petition form.**

SO ORDERED at Hartford, Connecticut this 13th day of April, 2018.

_____/s/_____
Michael P. Shea
United States District Judge