UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEVIN LINDSAY,<br>　　*Petitioner*, | :<br>:<br>: |
| v. | :　Case No. 3:18-cv-00012(MPS) |
| STATE OF CONNECTICUT,<br>　　*Respondent*. | :<br>:<br>: |

## **RULING ON PENDING MOTIONS**

The petitioner, Kevin Lindsay, is currently incarcerated at the Osborn Correctional Institution in Somers, Connecticut. He initiated this action by filing a one-page document designated as both a petition filed pursuant to 28 U.S.C. § 2254 and a motion filed pursuant to 28 U.S.C. § 2255. *See* Pet., ECF No. 1. The document did not identify the criminal conviction or sentence that the petitioner sought to challenge. *Id.* On February 9, 2018, the Court dismissed the petition without prejudice for failure to meet the requirements of Local Rule 8(b), D. Conn. L. Civ. R., or Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. *See* ECF No. 7. The Court permitted the petitioner twenty days to move to reopen the case and to file an amended 28 U.S.C. § 2254 petition on a Court form.

In response to the Court's order, the petitioner filed a motion to "amend case file 3:18-cv-12(MPS)," an amended petition and a motion for evidentiary hearing. *See* ECF Nos. 8-10. The amended petition challenged the petitioner's 2011 Connecticut conviction for assault in the first degree and the sentence imposed pursuant to that conviction of twenty years of imprisonment, execution suspended after fourteen years and followed by six years of special parole. *See* ECF No. 9 at 2.

On April 13, 2018, the Court dismissed the amended petition, ECF No. 9, without prejudice, and denied the motion to amend the case file, ECF No. 8, and the motion for evidentiary hearing, ECF No. 10. *See* ECF No. 11. The Court directed the petitioner to file a motion to reopen and a second amended petition on a Court form within twenty days. *Id.* at 5. The Court was very specific regarding the information that the petitioner had to include in the second amended petition.[1] *Id.* at 5-6.

On April 16, 2018, the petitioner filed a motion for voluntary dismissal or to stay and on April 27, 2018, the petitioner filed a motion to withdraw the motion for voluntary dismissal or to stay and a second amended petition for writ of habeas corpus. ECF Nos. 12-14. The second amended petition challenged the petitioner's 2011 Connecticut conviction for assault in the first degree and the sentence imposed pursuant to that conviction and included one ground for relief. *See* ECF No. 14 at 2. On August 15, 2018, the Court granted the motion to withdraw the motion for voluntary dismissal or motion to stay, ECF No. 13, to the extent that it sought to withdraw the motion for voluntary dismissal or motion to stay and denied the motion to the extent that it sought to reopen the case. ECF No, 17 at 7. The Court also deemed the motion for voluntary dismissal or motion to stay, ECF No. 12, to have been withdrawn. *Id*. The Court dismissed the second amended petition for writ of habeas corpus without prejudice because although filed on a Court form, it did not list each ground for relief separately, include the facts in support of each

---

[1] The Court instructed the petitioner to answer all questions on the amended complaint form and that he list each claim and its supporting facts separately in the CLAIMS section of the form. *Id.* at 5. In addition, the Court directed the petitioner to indicate whether he had exhausted each ground by raising it on direct appeal to the Connecticut Appellate Court and/or Connecticut Supreme Court, or by raising it in a collateral proceeding, either in a motion or a state habeas petition, and on appeal to the Connecticut Appellate Court and/or Connecticut Supreme Court, from the decision in the collateral proceeding. *Id.* at 6.

ground, or clearly state how each ground was exhausted in state court. *Id.* at 3-5. Thus, the second amended petition was deficient because it failed to fully comply with the Court's April 13, 2018 order and Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. *Id.* at 6. The dismissal of the second amended petition was without prejudice to the filing of a new federal habeas petition after the petitioner fully exhausted his state court remedies as to each claim he sought to assert in the new petition. *Id.* at 6-7.

Almost three years after the Court dismissed the second amended petition for writ of habeas corpus without prejudice, the petitioner filed the following five motions: A "Motion to Reclaim Case No. 3:18-cv-00012 (MPS) Bas[ed] on Violation of Petitioner's Due Process and Constitutional Rights to address the Defectiveness of Charge Crimes that Doesn't Exist in Our Connecticut Law," ECF No. 18, a "Motion to Request this Court Jurisdictional Power over this Subject Matter of Constitutional Rights and Violations of this Petitioner's Due Process," ECF No. 21, a "Motion to Request Hearing Bas[ed] on Clarification on Subject Matter of Law," ECF No. 24, a "Motion to Enter Contempt of Court; Failure to File an Answer to Undisputed Facts," ECF No. 23, and a "Motion for Summary Judgment Refusing to Answer Due Process Violation and the Petitioner Claim of Illegal Convictions Bas[ed] on Defective Informations and Lack of Jurisdictions," ECF No. 22.

The apparent basis for the filing of these motions is a new challenge to the petitioner's May 16, 2011 conviction and the August 3, 2011 sentence imposed for that conviction. The petitioner claims that the state trial court lacked jurisdiction over the criminal charges filed against him due to a "defective" information and multiple "defective" substitute informations

3

filed by the state's attorney and assistant state's attorney who prosecuted his criminal case. ECF No. 18 at 4-5; ECF No. 18-1, Ex. A. The petitioner does not allege that he has fully exhausted this new claim or ground for relief in state court. Rather, he simply requests that the Court review the claim and his evidence and determine that the state trial court should enforce certain Connecticut statutes and practice book rules and release him from prison. ECF No. 18 at 6.

The Court dismissed the second amended habeas petition filed in this action without prejudice to the petitioner filing a NEW federal habeas petition after he exhausted his state court remedies as to each claim that he sought to raise in the new petition. No basis exists to reopen this case to permit the petitioner to file an amended habeas petition to raise a new claim that has not been exhausted in state court. Accordingly, all five motions seeking to reopen this case and to file a third amended petition to challenge the petitioner's 2011 state court conviction and sentence on a new ground that has not been exhausted in state court are denied with prejudice.

## Conclusion

Motions, [**ECF Nos. 18, 21, 22, 23, 24**], are **DENIED** with prejudice. The petitioner is not precluded from filing a NEW federal habeas petition after he has fully exhausted his state court remedies as to each claim he seeks to assert in that petition.

SO ORDERED at Hartford, Connecticut this 13th day of October, 2021.

_____/s/_____
Michael P. Shea
United States District Judge